
George C. Paine, II
US Bankruptcy Judge
Dated: 04/08/10



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:  
DAVID LEE ALLEN  
MELISSA DAWN ALLEN  
    Debtors.

Case No. 09-13560  
Chapter 13  
Judge Marian F. Harrison

## MEMORANDUM

This matter is before the court on confirmation of the debtors' proposed chapter 13 plan. After a confirmation hearing held on March 29, 2010, the court took under advisement the specific issue of whether the debtors' June 19, 2009 loan from Town & Country Finance that renewed and combined prior loans, destroyed the loan's PMSI character therefore removing it from the protections of 11 U.S.C. § 1325's hanging paragraph. The court finds that it was destroyed.

Prior to their current Chapter 13 case, the Debtors completed a Chapter 7 case (case number 08-06687). While that case was pending, on September 25, 2008, the Debtors reaffirmed three debts to Town & Country Finance. Town & Country Finance filed three Proofs of Claim in the Chapter 7 case. The first, claim 1-1, was for $5,065.08, secured by a 2001 Dodge Caravan. The Note, Disclosure and Security Agreement attached to the Proof of Claim states the purpose of the loan as "to purchase 2001 Dodge Van." The second claim, Court Claim 2-1, was for $14,082.23, secured by a 2001 Chevrolet pickup. The Note, Disclosure and Security Agreement attached to that Proof of Claim states the purpose of the loan as "to

purchase 2001 Chev ExtCab." Finally, Claim 3-1 was for $324.87, secured by the 2001 Dodge Caravan. The Note, Disclosure and Security Agreement attached to that Proof of Claim states the purpose of the loan as "Medical Bills."

On June 19, 2009, the Debtors obtained a new loan from Town & Country Finance. The Note, Disclosure and Security Agreement for the loan, attached to the Proof of Claim filed in this case, states the purpose of the loan as "LOAN EXPIRED/RENEWED & COMBINE 2 LOAN." The new loan is secured by the 2001 Chevrolet pickup and the personal property located on or about the Debtors' residence.

Tennessee adopted Revised Article 9 of the Uniform Commercial Code, effective in 2001. 2000 Tenn. Laws Pub. ch. 846, S.B. No. 2257, § 1 (May 30, 2000), and T.C.A. § 47-9-103 defines a purchase money security interest:

> § 47-9-103. Purchase-Money security interest; application of payments; burden of establishing
>
> (a) Definitions. In this section:
>
> > (1) "purchase-money collateral" means goods or software that secures a purchase-money obligation incurred with respect to that collateral; and
> >
> > (2) "purchase-money obligation" means an obligation of an obligor incurred as all or part of the price of the collateral or for value given to enable the debtor to acquire rights in or the use of the collateral if the value is in fact so used.
>
> (b) Purchase-money security interest in goods. A security interest in goods is a purchase-money security interest:
>
> > (1) to the extent that the goods are purchase-money collateral with respect to that security interest;

T.C.A. § 47-9-103 (eff. July 1, 2001). "[T]o have a PMSI, an otherwise secured party has the burden of proof to satisfy two key elements: 1) that the money loaned or credit extended made it possible for the debtor to obtain the collateral, and 2) that debtor used the funds supplied to acquire rights in the collateral...." **In re Hayes**, 376 B.R. 655 (Bankr. M.D. Tenn. 2007) (quoting **In re Vega**, 344 B.R. 616, 622-23 (Bankr. D. Kan. 2006)). Town & Country Finance's Claims 1-1 and 2-1 met these standards and are purchase money security interests. The June 19, 2009 loan must fit within the statutory definition of a PMSI as well, and it does not.

When called upon to construe a statute, a court must first ascertain and then give full effect to the General Assembly's intent and purpose. **Waldschmidt v. Reassure Am. Life Ins. Co.**, 271 S.W.3d 173, 176 (Tenn., 2008). Every word in a statute "is presumed to have meaning and purpose, and should be given full effect if so doing does not violate the obvious intention of the Legislature." **In re C.K.G.**, 173 S.W.3d 714, 722 (Tenn.2005) (quoting **Marsh v. Henderson**, 424 S.W.2d 193, 196 (1968)). When the statutory language is clear and unambiguous, courts are to apply the plain meaning without complicating the task. **Waters v. Farr**, 291 S.W.3d 873, 880 (Tenn. 2009); **Eastman Chem. Co. v. Johnson**, 151 S.W.3d 503, 507 (Tenn. 2004). Under a plain meaning, uncomplicated reading of the statute giving effect to each and every word, the court finds that the consolidation or renewal of the June 19 loan was not extended to make it possible for the debtors to obtain the 2001 Chevy pickup and personal property they already possessed, and the debtors did not use the funds supplied to acquire rights in the personal property or the 2001 Chevy pickup that they already held. The PMSI character of the prior loans used to purchase the vehicles (Claims 1-1 and 2-1) was destroyed by the renewal, consolidation and/or refinancing.

Accordingly, the court denies confirmation of the debtors' plan as proposed. The debtors shall have fourteen (14) days in which to propose a new plan. If no plan is proposed, the chapter 13 trustee shall file an order dismissing the case.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.